IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CALVIN GIBSON,

      Plaintiff,

v.

WASH BOX, LLC d/b/a ECO
EXPRESS WASH and CECIL R.
FRANCIS,

      Defendants.

CIVIL ACTION FILE

NO. 1:17-CV-1965-MHC

## ORDER

This case comes before the Court on the parties' Joint Motion Seeking Approval of the Parties' Stipulated Settlement Agreement [Doc. 85].

The Court reviewed the parties' General Mutual Release and Settlement Agreement ("Settlement Agreement") [Doc. 85-1][1] to determine its adequacy and consistency with the requirements of the Fair Labor Standards Act, 29 U.S.C.

---

[1] The Settlement Agreement contains eighteen pages. The Court notes that the footer at the end of pages one through sixteen and page eighteen has a typographical error, in that it states "Page ___ of 12" instead of "Page ___ of 18." The Court also notes that the footer on page seventeen states "Page 16 of 16" instead of "Page 17 of 18." The Court brought these errors to the parties' attentions and counsel for both sides agreed that the entire eighteen-page agreement constitutes the settlement of all claims in this case and that the footer references are typographical errors that should be disregarded.

§ 216 ("FLSA").  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Based on its review of the parties' Settlement Agreement and the record in this case, the Court concludes: (1) the terms of the Settlement Agreement are a fair, reasonable, and adequate resolution of this action; and (2) the Settlement Agreement was reached in an adversarial context where both parties had legal representation.  Consequently, having reviewed the Settlement Agreement, the Court finds it to be a reasonable settlement of Plaintiff's claims under the FLSA.

Accordingly, it is hereby **ORDERED** that the Joint Motion Seeking Approval of the Parties' Stipulated Settlement Agreement [Doc. 85] is **GRANTED**.  Upon consideration of the parties' joint motion, the Court **ORDERS** that the payment of the settlement amounts and attorney's fees shall be made as provided in the Settlement Agreement.  Except as stated in the Settlement Agreement, each party shall bear its own costs of litigation, including attorney's fees.

The Clerk is **DIRECTED** to **CLOSE** the case.[2]

**IT IS SO ORDERED** this 22nd day of July, 2019.

MARK H. COHEN
United States District Judge

---

[2] In the event that payments are not made in accordance with the terms of the Settlement Agreement, Plaintiff may move to reopen the case and seek the appropriate relief at that time.